## WESTBROOK *v.* WESTBROOK.

By the statute of 1844, all laws were repealed which authorized the issuing of a *capias* and holding to bail in civil suits.

A petition for alimony is in the nature of a civil proceeding in which a *capias* and holding to bail are not authorized.

Where a *capias* is improperly sued out, it cannot be held good as a summons.

### *Error to Jackson District Court.*

*Opinion by* KINNEY, J. The defendant in error filed her petition in the court below for alimony. A *capias* was issued upon which the plaintiff in error was arrested and gave bail for his appearance to the next term of the court. Upon the appearance of the defendant below, he moved to quash the writ, "the court decided the motion to be correct so far as the arresting of the defendant was concerned, but held that the same was a good writ or notice for the purpose of the suit in all respects except as a *capias* to arrest the person, and ruled that the defendant answer the petition in thirty days." To this ruling of the court the defendant excepted, and assigns the decision for error.

The petition was filed and *capias* issued under sec. 10, of *Rev. Stat.*, p. 240, which provides, that when the husband is about to abandon or has abandoned his wife, with the intention of leaving the territory, and neglect or refuse to provide for her support or the support of his children upon a statement filed, &c., the clerk shall thereupon issue a *capias* to hold the said husband to bail. This statute was approved, 20th January, 1843.

By an act approved 14th February, 1844, it is provided that no person shall, after the passage of the act, be arrested, held to bail or imprisoned, on any original mesne or final process or execution, issued in any civil suit instituted in any court in this territory. A general repealing clause is attached to the act, by which all acts and parts of acts contravening the provisions of the act are repealed. Laws of 1844, p. 26.

This statute not only clearly repealed so much of the statute of 1843, as authorized the issuing of a *capias* and holding to bail, but in plain and direct terms prohibits an arrest and bail in all civil suits. This was a civil proceeding. The husband, in law was bound to support his wife, to maintain with fidelity the marriage contract, and if he refused to afford her that maintenance to which she was entitled, the criminal code was in no manner violated, but he was liable in a civil suit for her support. The liability of the husband by virtue of the marital relation was of a high and sacred nature, but still no less a civil liability, and hence as the statute prohibits the issuing of *capias* and holding to bail in civil suits, the writ in this case was improperly sued out and the defendant illegally held to bail. But the court quashed the *capias* as a *capias*, and held it good as a summons or *notice* to the defendant. This is error. The writ being absolutely forbidden by law, the defendant was no more in court than if it had never been issued and served. The court acquired no jurisdiction of his person, and should not have ordered him to plead.— The writ was void *ab initio*, and could not have been held invalid so far as the arrest was concerned, and valid for the purpose of notice and bringing the defendant into court. A practice so dangerous, would lead to the worst of consequences. If it could be tolerated in a case like the one before us, the same practice might obtain in all ordinary civil actions and defendants could be brought into court upon *capias*, and although the arrest might be adjudged illegal, still the notice would be equivalent to notice by summons. A service by *capias* cannot in this manner be substituted for service by summons. Aside from the inconvenience which would result to party defendants, and the confusion in practice by such substitution, the law will not permit the analogy. Each writ must stand or fall of itself, and the virtues of the one, cannot be brought in to sustain the deformities of the other.

Judgment reversed.

*Wilson & Smith*, for plaintiff in error.

*L. Clark* and *W. E. Leffingwell*, for defendant.